UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACE ESTABROOK, ELLEN HOLMQUIST, and MARGOT KACZOROWSKI,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE IVY LEAGUE COUNCIL OF PRESIDENTS, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>　　　　Defendants. | Civil Action No. 1:25-CV-10281 |

**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Trustees of the University of Pennsylvania ("Penn") hereby moves to dismiss Plaintiffs' Complaint. For the reasons set forth in Penn's Memorandum of Law in support of this motion, Plaintiffs have failed to state a claim upon which relief can be granted.

In further support of this motion, Penn joins in, and adopts as if fully set forth herein, the following arguments made in Defendant President and Fellows of Harvard College's Memorandum in Support of its Motion to Dismiss ("Harvard's Memorandum"):

(1) The argument in Section I of Harvard's Memorandum that Plaintiffs' claims should be dismissed for lack of standing, and the legal standard and authority cited therein. Plaintiffs lack standing to assert their locker room claims against Penn for two reasons. First, they cannot establish causation against Penn because they do not allege that Penn played any role in establishing the locker room set up at the 2022 Ivy League Championships. Second, for the same

reasons detailed in Harvard's Memorandum, Plaintiffs failed to plead that they suffered a concrete injury related to their claims sufficient to confer standing against Penn.

(2) The argument in Section II.B of Harvard's Memorandum that Plaintiffs' facilities claims should be dismissed because Harvard's approach to the locker rooms at the 2022 Ivy League Championships was, at the very least, permitted by Title IX, and the legal authority cited therein.

(3) The argument in Section II.D of Harvard's Memorandum that, in light of the regulatory and legal framework in place during the 2022 Ivy League Championships, it was insufficiently clear that Title IX prohibited the conduct challenged by Plaintiffs, and the legal authority cited therein. The regulatory and legal framework at the relevant time makes it clear that Penn lacked notice that any of its actions violated Title IX, dooming Plaintiffs' damages claims.

For all the reasons set forth in the Memoranda of Law and such other argument that may be submitted in support of this motion, Penn respectfully requests that this Court grant Penn's motion and dismiss Plaintiffs' Complaint in its entirety with prejudice.

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Penn respectfully requests oral argument on this motion.

Dated: April 21, 2025                    Respectfully submitted,

                                         PAUL HASTINGS LLP

                                         By: _____
                                              Jeffrey A. Sturgeon

                                         Jeffrey A. Sturgeon (*pro hac vice*)
                                         200 Park Avenue
                                         New York, NY 10166
                                         jeffreysturgeon@paulhastings.com
                                         Telephone: 1(212) 318-6017

Paul C. Evans (*pro hac vice*)
200 Park Avenue
New York, NY 10166
paulevans@paulhastings.com
Telephone: 1(212) 318-6009

Remy D. Snead (*pro hac vice*)
71 S. Wacker Dr., Suite 4500
Chicago, IL 60606
remysnead@paulhastings.com
Telephone: 1(312) 499-6086

Matthias A. Kamber
101 California Street, 48th Floor
San Francisco, California 94111
matthiaskamber@paulhastings.com
Telephone:      1(415) 856-7000
Facsimile:       1(415) 856-7100

Attorneys for Defendant
TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA

## LOCAL RULE 7.1 STATEMENT

I hereby certify that on March 26, 2025, counsel of record for Defendant Trustees of the University of Pennsylvania and counsel for Plaintiffs participated in a Local Rule 7.1 telephonic conference to meet and confer about the substance of this motion. The parties engaged in a good-faith effort to resolve or narrow the issues raised by this motion but were unable to do so.

_____
Jeffrey A. Sturgeon

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this document was filed through the Electronic Case Filing system and will be served upon the attorney of record for each party registered to receive electronic service on this 21st day of April, 2025.

_____
Jeffrey A. Sturgeon