# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACE ESTABROOK, ELLEN HOLMQUIST, and MARGOT KACZOROWSKI,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE IVY LEAGUE COUNCIL OF PRESIDENTS, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>      Defendants. | Civil Action No. 1:25-cv-10281-WGY<br><br>**MOTION FOR AN ORDER AUTHORIZING PLAINTIFFS TO FILE RESPONSE OF 57 PAGES TO DEFENDANTS' FOUR MOTIONS TO DISMISS** |

  Plaintiffs Grace Estabrook, Ellen Holmquist and Margot Kaczorowski (collectively the "Plaintiffs") by and through their counsel, move this Court, pursuant to Local Rule 7-1(b)(4) for an Order authorizing Plaintiffs' filing of a fifty-seven (57) page combined response, double-spaced, to Defendants' four Motions to Dismiss ("Defendants' Motions to Dismiss"), which totaled sixty-seven (67) pages. In support of this motion, Plaintiffs state as follows:

  1. Plaintiffs' response to Defendants' Motions is due on May 12, 2025, and said time has not expired.

  2. Local Rule 7.1(b)(4) states that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced."

  3. On March 31, 2025, the parties filed an agreed motion to extend time for Defendants Harvard, Penn, the Ivy League and the NCAA to file their responsive pleadings, for Penn to file an oversized brief of thirty-five (35) pages, and for Plaintiffs to file a combined

response of up to the combined length of Defendants' anticipated motion to dismiss briefs which were then anticipated to total ninety-five (95) pages. Dkt. No. 61 (the "Agreed Motion").

4. On April 9, 2025, this Court, via Electronic Order, denied Penn's request to file a thirty-five (35) page brief and *sua sponte* limited the combined response of the Plaintiffs to not more than fifty (50) pages.

5. On April 21, 2025, Defendants filed their four briefs in support of their respective Motions to Dismiss, which briefs totaled sixty-seven (67) pages in length. Dkt. Nos. 67, 68, 70 & 73.

6. Defendants briefing addresses multiple complex issues including: standing, statutes of limitations, choice-of-law, the pleading requirements for a Title IX equal opportunity claim, whether Title IX is applicable to the NCAA and Ivy League, whether Plaintiffs have stated a Title IX claim against each of the Defendants, and if so, whether Defendants had clear notice from Congress that Title IX proscribed the alleged unlawful acts.

7. The Defendants' supporting briefs reflect coordination by the Ivy League, Harvard and Penn as the briefs of these three parties cross-reference each other's briefs and incorporate by reference specified sections of the briefs of the other Ivy League Parties.

8. Due to this coordination by the Defendants (to which, to be clear, Plaintiffs do not object) there is very little overlap in the argumentation in the supporting briefs of the Defendants.

9. However, as a result of the lack of duplication, Plaintiffs reasonably require more than fifty (50) pages in order to fully and adequately respond to each of the arguments raised by the Defendants in their four Motions to Dismiss and supporting briefs, which total sixty-seven (67) pages (not including the cover pages, tables of contents, tables of authorities, signatures, and certificates).

10. Plaintiffs believe there are additional compelling reasons supporting this motion to file a response brief of longer than fifty (50) pages including the following:

a. Plaintiffs have sought diligently within the three-week response period to respond to each of the Defendants' arguments as concisely as possible;

b. Given that Plaintiffs are responding to motions to dismiss which could impact the claims Plaintiffs are entitled to assert in this case it is in the interest of justice that Plaintiffs be able to adequately respond to all of Defendants' arguments;

c. Plaintiffs' counsel has diligently revised and edited Plaintiffs' Response to the Motions to Dismiss many times with an eye to making the Response concise and avoiding redundancy, while accurately and fully setting forth Plaintiffs' positions relevant to the matters addressed in the Motions to Dismiss; and

d. As best as Plaintiffs' counsel can tell, Penn's brief in support of its Motion to Dismiss is formatted using "Exactly 24 pt." font in Microsoft Word. *See* Dkt. 67. This formatting allows for approximately twenty-seven (27) lines of 12 pt. Times New Roman font per page, compared with only approximately twenty-three (23) lines of 12 pt. Times New Roman font per page that is set to the default "double-spaced" setting in Microsoft Word. While 24 pt. font is technically "double" 12 pt. font, Plaintiffs' counsel's proposed Response brief uses standard "double-spaced" formatting.

e. Plaintiffs submit that they are unable to adequately respond to *each* of the arguments raised by Defendants without a combined Response of at least fifty-seven (57) pages, using Microsoft Word's standard "double-spaced" formatting. However, this same combined Response is fifty (50) pages if formatted using the "Exactly 24 pt." Times New Roman font that Penn used for its brief.

    f.  Defendants will suffer no material prejudice through Plaintiffs' filing a response of fifty-seven (57) pages, as the local rules generally provide for responses of equal length to the allowed page limit for the moving party and the additional pages requested by Plaintiffs total less than the combined total of Defendants' briefs.

 11. Counsel for Plaintiffs sent counsel for Defendants an email on Tuesday, May 6, 2025, explaining the reasons for Plaintiffs' request to file a brief that exceeds the fifty (50) pages previously authorized by the Court, and counsel for Defendants have indicated that they take no position on Plaintiffs' request.

 12. Plaintiffs have attached hereto as **Exhibit A** their proposed Response which they wish to file on or before Monday, May 12, 2025, so that the Court can see that the proposed brief is not redundant and is concise in light of the detailed arguments to which it responds.

 13. For the reasons set forth above, Plaintiffs submit that extraordinary and compelling reasons exist for filing the attached Response of fifty-seven (57) pages and that it is in the interest of justice, necessary, and appropriate for Plaintiffs to be authorized to file the attached Response so that Plaintiffs' complete arguments may be considered by the Court.

 WHEREFORE, Plaintiffs respectfully move the Court for an Order Authorizing Plaintiffs' to file a combined Response to Defendants' Motions to Dismiss of fifty-seven (57) pages.

Dated: May 9, 2025        Respectfully submitted,

                */s/ William Bock III*
                William Bock III, Atty. No. 14777-49108[1]
                Justin R. Olson, Atty. No. 31450-59[2]
                Kroger Gardis & Regas, LLP
                111 Monument Circle, Suite 900
                Indianapolis, IN 46204
                Tel: (317) 692-9000
                Fax: (317) 264-6832

---

[1] *Pro Hac Vice*
[2] *Pro Hac Vice*

        E-mail: wbock@kgrlaw.com
        Email: jolson@kgrlaw.com


*/s/ Samuel J. Whiting*
Samuel J. Whiting (BBO# 711930)
Massachusetts Liberty Legal Center
401 Edgewater Pl., Suite 580
Wakefield, MA 01880
Tel: (774) 462-7043
Email: sam@malibertylegal.org

*ATTORNEYS FOR PLAINTIFFS*

## **LOCAL RULE 7.1(a)(2) CERTIFICATE**

I, William Bock III, hereby certify that counsel for the Plaintiffs conferred with opposing counsel regarding the issues presented in this motion, prior to filing, and opposing counsel stated that they take no position with respect to the motion.

*/s/ William Bock III*
William Bock III

Dated: May 9, 2025

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this document was filed through the Electronic Case Filing system and will be served upon the attorney of record for each party registered to receive electronic service this 9th day of May, 2025.

*/s/ William Bock III*
William Bock III