UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACE ESTABROOK, MARGOT KACZOROWSKI, and ELLEN HOLMQUIST,<br><br>Plaintiffs,<br><br>v.<br><br>THE IVY LEAGUE COUNCIL AND PRESIDENTS, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendants. | CIVIL ACTION<br>NO. 25-10281-WGY |

YOUNG, D.J.                                                  July 29, 2025

**ORDER**

Grace Estabrook ("Estabrook"), Margot Kaczorowski ("Kaczorowski"), and Ellen Holmquist ("Holmquist") filed this action against the Ivy League Council and Presidents ("the Ivy League"), the President and Fellows of Harvard College ("Harvard"), the Trustees of the University of Pennsylvania ("UPenn"), and the National Collegiate Athletic Association (the "NCAA") (collectively, "the Defendants") on February 4, 2025 on behalf of themselves and a putative class others similarly situated, seeking to redress alleged violations of Title IX that occurred in connection with the 2022 Ivy League Championships ("the Championships"). Compl., ECF No. 1. The Defendants

separately moved to dismiss. UPenn's Mot. Dismiss Pls.' Compl., ECF No. 64; Def. Harvard's Mot. Dismiss Compl., ECF No. 65; Def. NCAA's Mot. Dismiss, ECF No. 66; Mot. Dismiss Ivy League, ECF No. 69.

At a hearing held on July 21, 2025, this Court ALLOWED the Ivy League's motion to dismiss, took Harvard's motion to dismiss under advisement, and put the parties on notice that, were Harvard's motion to be allowed, the Court would likely stay its hand pursuant to the first-to-file rule. Elec. Clerk's Notes, ECF No. 101. It did so in view of a suit previously filed in the Northern District of Georgia by the same counsel, which contains many of the same allegations and raises substantially overlapping legal issues, Gaines v. NCAA, No. 1:24-cv-01109-TRJ (N.D. Ga. filed Mar. 14, 2024), and in response to the NCAA's request that it consider doing so, Mem. Supp. Def. NCAA's Mot. Dismiss 11-14, ECF No. 70. With the Ivy League and Harvard dismissed from the suit, this Court determined, this suit would turn on legal questions almost identical to those at issue in the suit previously filed: (1) whether the NCAA is subject to Title IX liability; and (2) whether it violates Title IX to permit or require a biological male to compete against biological women in otherwise sex-separated sports, as was allegedly required by certain NCAA policies. The previously filed suit seeks to represent "a class of future, current, or

[2]

past NCAA women's athletes who have competed or may compete against male athletes or who have shared or may share a locker room, shower, or restroom with a male by virtue of the NCAA's Transgender Eligibility Policies," including a potential subclass of "[w]omen who are past, current, or future NCAA athletes," so the suit at issue here encompasses a subset of the potential plaintiffs and events at issue in the previously filed suit.  Decl. Cari Dawson Supp. Def. NCAA's Mot. Dismiss, Ex. 3, Corrected 2d Am. Compl. ¶¶ 728-29, ECF No. 71-3.  The substitution of a single different defendant, moreover, is not enough to render the cases so dissimilar as to remove this Court's discretion to issue a stay in view of the concerns underlying the first-to-file rule, that is, the interests of consistency and judicial economy across the federal courts. Thakkar v. United States, 389 F. Supp. 3d 160, 171-73 (D. Mass. 2019) (Kelley, U.S.M.J.) ("Parties may be sufficiently similar even 'where only one of several defendants in the second filed action is the same as the first filed action.'" (citation omitted)).

This Court now ALLOWS Harvard's motion to dismiss, and thus exercises its discretion to stay this suit pursuant to the first-to-file rule.  Estabrook, Kaczorowski, and Holmquist argue that Harvard violated Title IX by permitting transgender swimmer Lia Thomas ("Thomas") to swim in its pool during the

[3]

Championships, failing to provide separate locker rooms for biological men and women during the event, and facilitating other activities that kept the focus of the media and others on Thomas at the event, at their expense and to their discomfort. Resp. Opp'n Mots. Dismiss ("Pls.' Opp'n") 33-37, ECF No. 83. This amounts to an aiding-and-abetting or conspiracy-type theory of liability under Title IX, for which this Court can find no precedent.  The closest analogues to which the parties have drawn this Court's attention are deliberate indifference suits brought by plaintiffs alleging that schools permitted sexual harassment by employees or others under the schools' control to continue unredressed, but no plaintiff alleges that Thomas actually harassed her, so it is not clear how this liability standard could apply here. See Def. Harvard's Reply Br. Supp. Mot. Dismiss 7-8 n.7, ECF No. 93; Parents for Privacy v. Barr, 949 F.3d 1210, 1226-29 (9th Cir. 2020) (rejecting hostile environment claim based on transgender bathroom use on grounds that the allegations did not support an inference of discrimination, as male and female students were treated the same, and the "objectively offensive" standard for such deliberate indifference claims was not met because "[t]he use of facilities for their intended purpose, without more, does not constitute an act of harassment"). Title IX "deliberate indifference" case law has developed in the context of sexual

[4]

harassment claims, where "the funding recipient has some control over the alleged harassment," and "the deliberate indifference standard has been purposely set high to 'eliminate any "risk that the [Title IX funding] recipient would be liable in damages not for its own official decision but instead for [a third party's] independent actions."'" Leader v. Harvard Univ. Bd. of Overseers, No. 16-10254, 2017 WL 1064160, at *4 (Mar. 17, 2017) (Casper, J.) (quoting Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 639-40 (1999)).

None of the regulations detailing how courts are to apply Title IX when evaluating equal opportunity claims, moreover, goes to the question whether a host organization must supply sex-separate locker rooms for its sporting events, there is no allegation here that Harvard treated biological men and women differently with respect to locker rooms at this event or otherwise, and the "publicity" factor to which the complaint refers has not been applied to impose an affirmative obligation that, should persons of different biological sexes compete in a sporting event, a host organization must equalize publicity between the sexes. See 34 C.F.R. § 106.41(c)(10). In short, while the Court in no way minimizes the potential harms that may have been suffered here, it finds no precedent for ruling that Harvard's involvement as host of the Championships may constitute a separate violation of Title IX.

[5]

As noted above, particularly with Harvard dismissed from the suit, the legal issues raised in this case are substantially similar to those of the previously filed lawsuit in the Northern District of Georgia, and the parties substantially overlap.

For these reasons, this Court ALLOWS the motion to dismiss as to Harvard, ECF No. 65, and STAYS this action pending resolution of the previously filed case.

**SO ORDERED.**

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE