UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRACE ESTABROOK, ELLEN HOLMQUIST, and MARGOT KACZOROWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>THE IVY LEAGUE COUNCIL OF PRESIDENTS, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendants. | Civil Action No. 1:25-cv-10281-WGY<br><br>**MOTION FOR PARTIAL LIFT OF STAY** |

Plaintiffs Grace Estabrook, Ellen Holmquist and Margot Kaczorowski (collectively the "Plaintiffs"), by and through their counsel, respectfully request that the Court partially lift its July 29, 2025 Order, ECF. No. 103 ("Order"), staying this action pending resolution of the motions to dismiss in *Gaines et al. v. National Collegiate Athletic Association, et al.*, 1:24-cv-01109-TRJ (N.D. Ga. filed Mar. 14, 2024). In support of this Motion, Plaintiffs state the following:

1. The Court's stay of this lawsuit is based on the first-to-file rule, which generally applies when "the overlap between two suits is 'nearly complete'" based on "the similarity of the parties and the similarity of the issues." *Thakkar v. United States*, 389 F. Supp. 3d 160, 170, 172 (D. Mass. 2019).

2. The Court stated that its stay order was premised upon the dismissal of both the Ivy League and Harvard from this case. *See* Order at 2–3, 6. With those parties dismissed, the Court reasoned that "the legal issues raised in this case are substantially similar to those of the previously

filed lawsuit … and the parties substantially overlap." *Id.* at 6.

3. Plaintiffs have contemporaneously filed a Motion for Reconsideration of the Court's Order dismissing both Harvard and the Ivy League, an Alternative Motion for Leave to Amend the Complaint to add Massachusetts state law claims for civil conspiracy to violate Title IX and/or aiding and abetting violations of Title IX against all Defendants, and a Motion for a Permanent Lift of the Stay.

4. The Motion for Reconsideration seeks to clarify several manifest errors of law that warrant vacating the Court's dismissal of Harvard and the Ivy League from this lawsuit.

5. First, a threshold issue for the Court's dismissal of the Ivy League was that Plaintiffs should have brought their Title IX claims against every member of the Ivy League and not the Ivy League itself, which is an unincorporated association. But this threshold issue of the Ivy League's eligibility to be sued is resolved in Plaintiffs' favor by Federal Rule of Civil Procedure 17(b)(3)(A), which allows unincorporated associations to be sued under their common name for violations of federal law. Thus, the Ivy League cannot be dismissed merely because Plaintiffs did not sue every member of the Ivy League.

6. Second, Plaintiffs' alleged against all Defendants claims for civil conspiracy to violate Title IX and/or aiding and abetting a violation of Title IX. The Court itself characterized Plaintiffs' allegations as "an aiding-and-abetting or conspiracy-type theory of liability under Title IX, for which this Court can find no precedent." Order at 4. State law claims of civil conspiracy and aiding and abetting are well-pled even though the specific names of the torts do not appear in the Complaint. Under Federal Rule of Civil Procedure 8(a)(2), all that is required to state a claim is "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs are not required to set forth any legal theory for recovery in the complaint. *Johnson v. City of*

2

*Shelby, Miss.*, 574 U.S. 10, 11 (2014). Thus, Harvard and the Ivy League should remain in this litigation to answer for their civil conspiracy and/or aiding and abetting even if the Court upholds dismissal of the Title IX claims against them.

7. Third, the Court dismissed the Title IX claims against Harvard, in part, because it reasoned that Title IX regulations do not address the various components of the Ivy League Championship in which Harvard denied Plaintiffs' equal athletic opportunity. Order at 5. But the Court's Order reflects a fundamental misunderstanding about Plaintiffs' theory of Defendants' Title IX liability, which is that sex-separation is required "*when necessary to support equal opportunity*" and not necessarily in every situation. ECF No. 100 at 8 (emphasis in original); ECF No. 1 at 83 (Compl. ¶ 418). This case is not about whether Defendants were required to provide sex-separated athletics teams, events, locker, and/or publicity opportunities, generally. Rather, this case is about whether Defendants were required to *maintain* sex-separated teams, events, locker rooms, and publicity opportunities at the 2022 Ivy League Women's Swimming & Diving Championships after they had already decided to separate collegiate athletics by sex to ensure equal opportunity for women. ECF No. 83 at 31–32. Thus, the Court should reconsider its dismissal of Harvard on this basis.

8. Fourth, the Court did not find that Plaintiffs had sufficiently alleged Harvard's deliberate indifference because "no plaintiff alleges that Thomas actually harassed her, so it is not clear how this liability standard could apply." Order at 4. Plaintiffs respectfully request that the Court reconsider its Order because it erroneously requires a threshold allegation of sexual harassment to state a deliberate indifference claim. Deliberate indifference claims are not limited to sexual harassment claims. *E.g.*, *Czerwienski v. Harvard Univ.*, 666 F. Supp. 3d 49, 92 (D. Mass. 2023) ("educational institutions may be subjected to liability for deliberate indifference to retaliation for

3

complaints regarding sex discrimination"); *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1097–98 & n.10 (2d Cir. 2024) (applying deliberate indifference framework to allegations of that school engaged in sex discrimination through its discipline process). Moreover, this case is about more than violations of bodily privacy or an unsafe and harassing environment in women's locker rooms. As the Complaint alleges, a core component of equal opportunity at a women's swimming championship is enjoying a private space for "peace and preparation" free from "the disruption and distraction of sharing a locker room with a man." *Id.* ¶¶ 385–86. Allowing a man to use a women's locker room during a NCAA Division I collegiate swimming championship deprives women of an equal opportunity to compete fairly and freely regardless of the absence of sexual harassment. Thus, the Court should reconsider its dismissal of Harvard on this basis.

9. Fifth, if the Court does not find that the Complaint already states claims for civil conspiracy and/or aiding and abetting, it should nonetheless grant Plaintiffs' Alternative Motion for Leave to Amend the Complaint to add these claims against all Defendants. The facts and circumstances alleged in the Complaint state causes of action for civil conspiracy and aiding and abetting. No additional factual allegations are necessary to assert these causes of action. Adding the claims would not be futile, and any amendment is not the result of undue delay; this case is in its infancy, no prior motion to amend has been filed, no scheduling order has been established, and no discovery has yet been permitted. Further, these claims relate back to the date of the original Complaint, February 4, 2025, because the claims "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). With claims of civil conspiracy and aiding and abetting pending, Harvard and the Ivy League should remain in the lawsuit regardless of the outcome of any Title IX claim against them.

10. Finally, if the if the Court vacates its prior orders and reinstates the Ivy League and

Harvard as Defendants in this case, the Court should also grant a permanent lift of the stay in this case because "the overlap between two suits" will no longer be "nearly complete." *Thakkar*, 389 F. Supp. 3d at 170, 172.

11.   All of the foregoing arguments are worthy of the Court's attention and consideration. They are more fully described and explained in the contemporaneously filed motions and memorandum of law in support.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion for a Partial Lift of the Stay so that the Court may consider and rule upon the contemporaneously filed Motion for Reconsideration and Alternative Motion for Leave to Amend the Complaint, and consider their Motion to Permanently Lift the Stay, and grant all other relief that is just and proper.

Dated: August 27, 2025                Respectfully submitted,

*/s/ William Bock III*
William Bock III, Atty. No. 14777-49[1]
Justin R. Olson, Atty. No. 31450-49[2]
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Tel: (317) 692-9000
Fax: (317) 264-6832
E-mail: wbock@kgrlaw.com
Email: jolson@kgrlaw.com

*/s/ Samuel J. Whiting*
Samuel J. Whiting (BBO# 711930)
Massachusetts Liberty Legal Center
401 Edgewater Pl., Suite 580
Wakefield, MA 01880
Tel: (774) 462-7043
Email: sam@malibertylegal.org

ATTORNEYS FOR PLAINTIFFS

---

[1] *Pro Hac Vice*
[2] *Pro Hac Vice*

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to the District of Massachusetts' Local Rule 7.1(a)(2), the undersigned certifies that Plaintiffs made and successfully completed a good-faith effort to confer with Defendants regarding this motion. On August 22, 2025, Plaintiffs' counsel emailed counsel for all Defendants requesting their position on the foregoing motion and requesting that they inform Plaintiffs' counsel of their positions. On August 25, 2025, counsel for all Defendants informed Plaintiffs' counsel that "Defendants conferred and oppose the motion to partially lift the stay."

*/s/ William Bock III*
William Bock III, Atty. No. 14777-49[3]

---

[3] *Pro Hac Vice*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of this document was filed through the Electronic Case Filing system and will be served upon the attorney of record for each party registered to receive electronic service this 27th day of August, 2025.

                                         */s/ William Bock III*
                                         William Bock III